CITED in *Houghton* v. *Potter,* 3 *Zab.* 341.

## STEVENS v. CHETWOOD.

In error to Essex Circuit Court.

The return on a writ of error to the Circuit Court or Common Pleas, need not be certified under the hands and seals of the Judges thereof. The statute respecting writs of error, on this subject relate exclusively to writs directed to the Supreme Court, returnable to the Court of Appeals.

*F. B. Chetwood, pro se ipso,* moved to dismiss the writ of Error in this case, (which he alleged, had been sued out for delay,) on the ground, that the same had not been returned under the hand and seal of the Judge of the Circuit Court ; but only under the seal of the court, annexed to the usual certificate of the clerk, that the transcript sent up, with the writ, was a true copy.

Mr. *Whitehead,* contra, insisted that upon recurring to the files of the court, it would be found, that the practice had been both ways.    Sometimes the Judges of the Common Pleas had affixed their own hands and seals to the return ; and sometimes there was nothing but the usual certificate of the clerk under the seal of the court.

By THE COURT.    The first three sections of the statute, respecting writs of error, *Elm. Dig.* 159, the last of which directs that the writ of error shall be returned under the signatures and

seals of the Judges to whom it is directed, apply exclusively to writs of error directed to the Supreme Court, and returnable into the Court of Appeals in the last resort in all causes of law. The statute is silent upon this subject, as respects writs of error out of and returnable to this court; and in the absence of any specific rule directing the mode in which such writs, when directed to the Circuit Court, or Court of Common Pleas shall be returned, we are of opinion that the return in this case, is sufficient.

*Motion denied.*